**SIGNED this 27th day of September, 2016**

/s/ Shelley D. Rucker
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

_____

In re:
Jequita Nan McGinness

          Debtors;

No. 4:14-bk-12403-SDR
Chapter 13

Jequita Nan McGinness,
          Plaintiff,

v.

Select Portfolio Servicing and
US Bank NA,
          Defendants.

Adversary Proceeding
No. 1:16-ap-01025-SDR

**MEMORANDUM**

     Plaintiff, Jequita McGinness, has filed this adversary proceeding seeking a judgment that 1) determines if the Defendants hold a valid mortgage, including a determination on the legitimacy of a foreclosure sale; 2) if the Defendants do hold a valid mortgage, for it to be subordinated under 11 U.S.C. § 510(c) to the interests of all of the claimants of the estate; and 3) awards damages for a violation of the Tennessee Consumer Protection Act. Defendants have moved to dismiss this adversary pursuant to Fed. R. Civ. P. 12(b)(6) made applicable to this proceeding by Fed. R. Bank. P. 7012. Plaintiff responded and addressed only the entry of an

1

agreed order related to her leaving the property.  There was no request by Plaintiff to amend her Complaint to allege additional facts.  Based on the following analysis, the court concludes that Plaintiff has failed to allege facts sufficient to satisfy Fed. R. Civ. P. 12(b)(6).  Therefore, the motion to dismiss will be granted.

## I.    Jurisdiction

28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district, provide this court with jurisdiction to hear and decide this adversary proceeding.  The Plaintiff's action relates to the validity, extent, and priority of the Defendants' lien and is a core proceeding.  *See* 28 U.S.C. § 157(b)(2)(K).

## II.    Statement of Facts

The Defendants foreclosed on Plaintiff's property at 416 Shadowlawn and 107 Shadowlawn in McMinnville, TN on December 10, 2015. (Doc. no. 13, Debtor's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Debtor's Memorandum") 1.)   All of the Plaintiff's allegations regarding the legitimacy of the foreclosure sale are contained in paragraph 2 of the Amended Complaint.  It states:

> The Defendant, US Bank, NA (Bank), asserts that it is the lawful holder of a first mortgage on two parcels of real estate owned by Debtor on Shadowlawn Drive in McMinnville, Warren County, Tennessee.  The Defendant, Select Portfolio Servicing (SPS), was the loan servicer for said mortgage held by the Bank and conducted a foreclosure sale on or about December 10, 2015.  The Plaintiff disputes the legitimacy of said foreclosure sale and asserts that she is the lawful owner of the real estate on said property (sic).

(Doc. no. 5, Amended Complaint 1-2.)

A detainer action was commenced against Plaintiff following the foreclosure. (Doc. no. 5, Amended Complaint 2.) Plaintiff was represented by legal counsel in this detainer action. (*Id.*) Plaintiff did not realize or understand that failing to contest the detainer action could preclude her from contesting the legitimacy of the foreclosure sale conducted by the Defendants. (*Id.*) Plaintiff concedes that the detainer action was settled by an agreed order. (Doc. no. 13, Debtor's Memorandum 2.)

Based on these scant allegations, Plaintiff seeks a determination of the extent of the lien, equitable subordination of the Defendants' claims, and damages under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-109.

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). To be facially plausible, a claim must contain enough facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6) requires more than a "formulaic recitation of the elements of a cause of action." *Twombly* 550 U.S. at 555. While *Twombly* does not require "detailed factual allegations," it does require "more than labels and conclusions." *Id.* The court is not required to accept as true legal conclusions presented as factual allegations. *Iqbal*, 556 U.S. at 678.

### IV.    Analysis

In this case, Plaintiff has alleged very little in the way of facts. Not only are there not enough facts to draw an inference that the Defendants are liable for the misconduct, the acts constituting the misconduct are not alleged. The facts are so sparse that the facts necessary to

3

determine Plaintiff's standing as the mortgagor in this matter may be gleaned only from the Defendants' motion to dismiss.  Plaintiff's claims are based on one conclusory statement that the foreclosure sale held on December 10, 2015 was illegitimate.  The legitimacy of a foreclosure sale is a legal determination for the court to decide, and a bald statement that a foreclosure sale was illegitimate is not a factual assertion that satisfies Fed. R. Civ. P. 12(b)(6) under *Iqbal*. 556 U.S. at 678.

The Plaintiff has failed to provide any detail about how the foreclosure sale occurred or was conducted.  There are no facts pleaded justifying equitable subordination or recovery under the Tennessee Consumer protection Act.  Plaintiff has failed to allege any facts that can lead to a plausible inference of wrong doing by Defendants.  Plaintiff's complaint merely states her own legal conclusions without providing any facts to support them.  Because Rule 12(b)(6) requires the complaint to contain "enough facts to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, Plaintiff's complaint fails to state a claim on which relief can be sought and therefore must be dismissed.

## V.    Conclusion

Federal Rule of Civil Procedure 12(b)(6) requires the complaint to be facially plausible. Plaintiff's complaint contains little more than legal conclusions presented as facts, which the court is not required to accept.  Therefore, the Defendants' motion to dismiss will be granted.

A separate order will enter.

# # #